## Myers's Executrix v. Minnich.

*Practice, equity—Cross-bill.*

1. A cross-bill can be sustained only on matters growing out of the original bill.

2. Where a bill in equity asked for an accounting by an alleged partner of the plaintiff in the business of buying and selling cattle, and the answer denied the partnership, but admitted a former accounting and admitted and alleged various joint transactions, including a stock transaction, and the defendant subsequently embodied the stock transaction in a cross-bill, the latter cannot be sustained.

Bill, answer and cross-bill. Demurrer to cross-bill. C. P. Lancaster Co., Equity Docket No. 7, page 52.

*M. G. Schaeffer* and *John M. Groff*, for plaintiff.

*John A. Coyle*, for defendant.

LANDIS, P. J., March 29, 1924.—. . . . . The question now before us is whether the demurrer to the cross-bill should be sustained.

It will be observed that the bill alleges that on or about Jan. 8, 1980, the plaintiff's decedent and Frank L. Minnich associated for the purpose of buying and selling cattle. The answer, while it denies the partnership, admits that there were certain transactions between him and the decedent. The tenth paragraph of the answer alleges this very indebtedness. The defendant does not state the exact character of these transactions, but he admits that there

Myers's Executrix v. Minnich.

was an accounting on Jan. 18, 1921, and that there has been none since that date. It is clear that the claim set forth in the cross-bill had no relation to that set forth in the original bill, as it arose out of a single stock transaction which they had jointly entered into. In Given v. Sands, 216 Pa. 463, it was held that affirmative relief cannot be granted on a cross-bill when its subject-matter has no relation to that of the original bill and did not grow out of it; and in Phipps v. Kent, 1 Ches. Co. Reps. 158, it was held that "a cross-bill can be sustained only on matters growing out of the original bill;" that such a bill "is treated as a mere auxiliary suit or as a dependency upon the original suit; the first cause and the cross-bill are but one cause, the cross-bill being generally considered and used as a matter of defence, or a proceeding to procure a complete determination of a matter already in litigation in the court, and can be sustained only on matters growing out of the original bill. It is the character of the bill and of the relief sought which determines whether it is a proper cross-bill or is an original bill. A cross-bill cannot introduce new and distinct matter not embraced in the original bill, and if it does so, no decree can be founded on such matters." Again, in 21 Corpus Juris, 508, it is said: "A cross-bill may, and usually does, introduce new facts and new issues not disclosed by the original bill, but such new facts and issues must relate to the subject-matter of the original, and must be so closely connected therewith as to constitute the cross-bill a mere auxiliary of the original bill or a dependency thereon."

Therefore, under the facts as they have been presented, we are of the opinion that the demurrer ought to be sustained. Demurrer sustained.

From George Ross Eshleman, Lancaster, Pa.